UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANADA GARNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-01748-RLY-KMB |
| ) | |
| METROPOLITAN SCHOOL DISTRICT OF ) | |
| PIKE TOWNSHIP, PUBLIC SCHOOL CORP., ) | |
| FLORA REICHANADTHER, ) | |
| JOEL MUNOZ, ) | |
| DAVID HOLLY, ) | |
| JOYCE ELLIS, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S FAILURE TO ATTEND PRETRIAL CONFERENCE AND FAILURE TO PROSECUTE**

*Pro se* Plaintiff Janada Garner has failed to appear for multiple status conferences and failed to respond to the Court's Order to Show Cause. The undersigned now issues this Report and Recommendation to the District Judge, recommending that this lawsuit be dismissed with prejudice under Federal Rule of Civil Procedure 16(f) and Federal Rule of Civil Procedure 41(b).

**I. BACKGROUND**

Ms. Garner previously worked as a bus driver for the Metropolitan School District of Pike Township. In this lawsuit, she alleges employment discrimination on the basis of race, sex, and disability and that she was the subject of unlawful defamation. The original Complaint named "Metropolitan School District of Pike Township, Public School Corp." ("Pike Township School District") as the sole Defendant. [*Id.*] The First Amended Complaint, which is currently the operative complaint in this lawsuit, named Pike Township School District and five individual Defendants: Dr. Flora Reichanadter, Dr. Joel Munoz, David Holly, Karen Smyser, and Joyce Ellis. [Dkt. 7.]

Ms. Garner recently failed to appear for two telephonic status conferences within a period of less than three months. First, she failed to appear for a telephonic status conference on June 12, 2024. [Dkt. 33.] Then, she failed to appear for a second telephonic status conference on September 3, 2024. [Dkt. 49.] After she failed to appear for the second conference, the Court issued an Order to Show Cause directing her to explain why she should not be sanctioned for her failure to appear by September 20, 2024. [Dkt. 49.] Ms. Garner has not responded to the Order to Show Cause, and the time to do has long since passed. Ms. Garner received notice of these conferences and the Order to Show Cause, which the Court mailed to her home address. [Dkts. 27; 40; 49.]

Ms. Garner has missed other deadlines in this case as well. On July 8, 2024, the Court granted her Motion for Leave to File a Second Amended Complaint and directed her to file the second amended complaint by July 22, 2024. [Dkt. 39.] When she failed to meet this deadline, the Court *sua sponte* extended her deadline to August 15, 2024, and warned her that the deadline would not be further extended. [Dkt. 46.] Ms. Garner failed to meet this extended deadline and has not filed the second amended complaint as ordered. Ms. Garner also failed to respond to the Defendants' July 15, 2024, Motion for Extension of Time, [dkt. 46], and she has not filed anything in this case for more than three months, [*see* dkt. 43].

## II. LEGAL STANDARD

Rule 16(f) authorizes the district court to impose any of the sanctions authorized by Rule 37(b)(2)(A)(ii)-(vii) for a party's failure to attend pretrial conferences or failure to obey a scheduling or other pretrial order. These sanctions include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). A dismissal under Rule 16(f) is reviewed for abuse of discretion and should be reserved for cases where there is "a clear record of delay on contumacious conduct, or when other less drastic sanctions have proven unavailable." *Marrocco*

*v. General Motors Corp.*, 966 F. 220, 224 (7th Cir. 1992) (emphasis removed).  Sanctions under Rule 16(f) are not limited solely to situations where the party's non-compliance was willful or deliberate; to the contrary, sanctions may issue "where the noncomplying party acted *either* with willfulness, bad faith, *or* fault." *Id.* (emphasis in original).  In contrast to bad faith and willfulness, which looks to the non-complying party's subjective intention or recklessness, fault "doesn't speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation." *Id.*

Rule 41(b) authorizes the district court to dismiss a lawsuit with prejudice if the plaintiff "fails to prosecute or to comply with these rules or a court order."  Like dismissals under Rule 16(f), courts should only dismiss a lawsuit under Rule 41(b) "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *See Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (dismissing under Rule 41(b) where the plaintiff failed to appear at multiple status hearings and failed to provide outstanding discovery to the defendant); *see also Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (noting that the criteria for sanctions under Rule 41(b) and Rule 16(f) are the same).

### III. DISCUSSION

Ms. Garner has demonstrated a clear pattern of delay and failure to obey court orders in this case.  She missed two status conferences within a period of less than three months and failed to respond to the Court's Order to Show Cause.  [Dkts. 33; 49.]  She also failed to comply with two Orders to file her second amended complaint, failed to respond to the Defendants' Motion for Extension of Time, and has not participated in this lawsuit for several months.  The Court therefore concludes that Ms. Garner has acted with fault, since her conduct has been objectively unreasonable and not "a mere mistake or slight error in judgment." *Long v. Steepro*, 213 F.3d 983,

3

987 (7th Cir. 2000) (distinguishing isolated errors for which dismissal is not appropriate with objectively unreasonable behavior for which a district court may order a case dismissed with prejudice).

Given these circumstances, the undersigned recommends that the District Judge dismiss this case with prejudice under Rule 16(f) and Rule 41(b). *See Lucien*, 9 F.3d at 28-29 (affirming dismissal with prejudice for *pro se* plaintiff's failure to attend final pretrial conference); *Moredock v. Parke*, 1999 WL 1054598, at *3 (7th Cir. 1999) (affirming dismissal with prejudice for *pro se* plaintiff's repeated failure to sign a joint pretrial order in advance of trial); *Walker v. Will County Sheriff's Dept.*, 1997 WL 697168, at *2-3 (7th Cir. 1997) (affirming dismissal with prejudice for *pro se* plaintiff's failure to attend two pretrial status conferences)*; see also Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994) ("we have consistently held that a judge is not required to employ 'progressive discipline' before ultimately dismissing a case for want of prosecution . . . . And although district courts are encouraged to warn litigants before dismissing a case for failure to prosecute, whether they in fact do so is clearly within their discretion.").

### IV. CONCLUSION

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that the District Judge issue an Order **DISMISSING THIS CASE WITH PREJUDICE** under Rule 16(f)(1) and Rule 41(b). Any objections to this Report and Recommendation **must** be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections **within 14 days** will constitute a waiver of subsequent review absent a showing of good cause for that failure. The Parties should not anticipate any extension of this deadline or any other related briefing deadlines.

**So ORDERED**.

Date: 10/21/2024

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JANADA GARNER
8050 Folkstone Road
Indianapolis, IN 46254